UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MUHAMMID AHMAD,

                        Plaintiff,

          v.

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY; PORT AUTHORITY POLICE
OFFICER BERNARD BUCKNER, TAX # 040224,
SHIELD # 1359; PORT AUTHORITY POLICE
THOMAS KOSTER, SHIELD # 519,

                        Defendants.

**THE PORT
AUTHORITY'S ANSWER**

JURY TRIAL DEMANDED

09 CV 3134
(NGG) (LB)

-----------------------------------------------------------------x

      Defendant, The Port Authority of New York and New Jersey (hereinafter the "Port Authority") by its attorney Milton H. Pachter, hereby answers the Complaint in the above-titled action and state to this Court upon information and belief the following:

### STATEMENT OF THE CASE

      1.     To the extent that the allegations contained in paragraph "1" of the Complaint can be construed against the Port Authority they are expressly denied, and the Port Authority respectfully refers all questions of law to the Court.

### JURISDICTION

      2.     Neither admits nor denies the allegations contained in paragraph "2" of the Complaint, because said paragraph states conclusions of law rather than allegations of fact and respectfully refers all questions of law to the Court.

3. Neither admits nor denies the allegations contained in paragraph "3" of the Complaint, because said paragraph states conclusions of law rather than allegations of fact and respectfully refers the question of whether *pendent jurisdiction* is proper under 28 U.S.C. § 1367 to the Court.

## VENUE

4. Neither admits nor denies the allegations contained in paragraph "4" of the Complaint, because said paragraph states conclusions of law rather than allegations of fact.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "5" of the Complaint.

6. Denies the allegations contained in paragraph "6" of the Complaint, except admits that the Port Authority is a body, corporate and politic, created by Compact between the States of New York and New Jersey with consent of the Congress of the United States.

7. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "7" of the Complaint, except admits that the Port Authority has a Department of Public Safety which employs police officers, among whom are Bernard Buckner and Thomas Koster, and respectfully refers all questions of law to the Court.

8. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "8" of the Complaint, inasmuch as said allegations pertain to defendants other than the Port Authority, and respectfully refers all questions of law to the Court.

9. Neither admits nor denies the allegations contained in paragraph "9" of the Complaint, inasmuch as said allegations pertain to defendants other than the Port Authority.

10. To the extent that the allegations contained in paragraph "10" of the Complaint can be construed against the Port Authority, they are expressly denied and the Port Authority respectfully refers all questions of law to the Court.

## STATEMENT OF FACTS

11. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "11" of the Complaint. However, to the extent that the allegations contained in paragraph "11" can be construed against the Port Authority, they are expressly denied.

12. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "12" of the Complaint. However, to the extent that the allegations contained in paragraph "12" can be construed against the Port Authority, they are expressly denied.

13. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "13" of the Complaint. However, to the extent that the allegations contained in paragraph "13" can be construed against the Port Authority, they are expressly denied.

14. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "14" of the Complaint. However, to the extent that the allegations contained in paragraph "14" can be construed against the Port Authority, they are expressly denied.

15. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "15" of the Complaint. However, to the extent that the allegations contained in paragraph "15" can be construed against the Port Authority, they are expressly denied.

16. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "16" of the Complaint. However, to the extent that the allegations contained in paragraph "16" can be construed against the Port Authority, they are expressly denied.

17. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "17" of the Complaint. However, to the extent that the allegations contained in paragraph "17" can be construed against the Port Authority, they are expressly denied.

18. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "18" of the Complaint. However, to the extent that the allegations contained in paragraph "18" can be construed against the Port Authority, they are expressly denied.

19. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "19" of the Complaint. However, to the extent that the allegations contained in paragraph "19" can be construed against the Port Authority, they are expressly denied.

20. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "20" of the Complaint. However, to the

extent that the allegations contained in paragraph "20" can be construed against the Port Authority, they are expressly denied.

21. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "21" of the Complaint. However, to the extent that the allegations contained in paragraph "21" can be construed against the Port Authority, they are expressly denied.

22. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "22" of the Complaint. However, to the extent that the allegations contained in paragraph "22" can be construed against the Port Authority, they are expressly denied.

23. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "23" of the Complaint. However, to the extent that the allegations contained in paragraph "23" can be construed against the Port Authority, they are expressly denied.

24. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "24" of the Complaint. However, to the extent that the allegations contained in paragraph "24" can be construed against the Port Authority, they are expressly denied.

25. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "25" of the Complaint. However, to the extent that the allegations contained in paragraph "25" can be construed against the Port Authority, they are expressly denied.

26. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "26" of the Complaint. However, to the extent that the allegations contained in paragraph "26" can be construed against the Port Authority, they are expressly denied.

27. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "27" of the Complaint. However, to the extent that the allegations contained in paragraph "27" can be construed against the Port Authority, they are expressly denied.

28. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "28" of the Complaint. However, to the extent that the allegations contained in paragraph "28" can be construed against the Port Authority, they are expressly denied.

29. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "29" of the Complaint. However, to the extent that the allegations contained in paragraph "29" can be construed against the Port Authority, they are expressly denied.

30. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "30" of the Complaint. However, to the extent that the allegations contained in paragraph "30" can be construed against the Port Authority, they are expressly denied.

31. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "31" of the Complaint. However, to the

extent that the allegations contained in paragraph "31" can be construed against the Port Authority, they are expressly denied.

33. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "32" of the Complaint. However, to the extent that the allegations contained in paragraph "32" can be construed against the Port Authority, they are expressly denied.

33. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "33" of the Complaint. However, to the extent that the allegations contained in paragraph "33" can be construed against the Port Authority, they are expressly denied.

34. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "34" of the Complaint. However, to the extent that the allegations contained in paragraph "34" can be construed against the Port Authority, they are expressly denied.

35. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "35" of the Complaint. However, to the extent that the allegations contained in paragraph "35" can be construed against the Port Authority, they are expressly denied.

36. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "36" of the Complaint. However, to the extent that the allegations contained in paragraph "36" can be construed against the Port Authority, they are expressly denied.

37. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "37" of the Complaint. However, to the extent that the allegations contained in paragraph "37" can be construed against the Port Authority, they are expressly denied.

38. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "38" of the Complaint. However, to the extent that the allegations contained in paragraph "38" can be construed against the Port Authority, they are expressly denied.

39. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "39" of the Complaint. However, to the extent that the allegations contained in paragraph "39" can be construed against the Port Authority, they are expressly denied.

40. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "40" of the Complaint. However, to the extent that the allegations contained in paragraph "40" can be construed against the Port Authority, they are expressly denied.

**ANSWERING THE FIRST CLAIM**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

41. In response to paragraph "41" of the Complaint the Port Authority repeats, reiterates and re-alleges each and every response contained in paragraphs "1" through "40" of its Answer with the same force and effect as if more fully set forth herein.

42. Denies the allegations contained in paragraph "42" of the Complaint and respectfully refers all questions of law to the Court.

43. To the extent that the allegations contained in paragraph "43" of the Complaint can be construed against the Port Authority they are expressly denied, and the Port Authority respectfully refers all questions of law to the Court.

44. To the extent that the allegations contained in paragraph "44" of the Complaint can be construed against the Port Authority they are expressly denied, and the Port Authority respectfully refers all questions of law to the Court.

45. To the extent that the allegations contained in paragraph "45" of the Complaint can be construed against the Port Authority they are expressly denied, and the Port Authority respectfully refers all questions of law to the Court.

46. To the extent that the allegations contained in paragraph "46" of the Complaint can be construed against the Port Authority they are expressly denied, and the Port Authority respectfully refers all questions of law to the Court.

**ANSWERING THE SECOND CLAIM**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

47. In response to paragraph "47" of the Complaint the Port Authority repeats, reiterates and re-alleges each and every response contained in paragraphs "1" through "46" of its Answer with the same force and effect as if more fully set forth herein.

48. To the extent that the allegations contained in paragraph "48" of the Complaint can be construed against the Port Authority they are expressly denied, and the Port Authority respectfully refers all questions of law to the Court.

49. To the extent that the allegations contained in paragraph "49" of the Complaint can be construed against the Port Authority they are expressly denied, and the Port Authority respectfully refers all questions of law to the Court.

## ANSWERING THE THIRD CLAIM
## LIABILITY OF THE PORT AUTHORITY
## FOR CONSTITUTIONAL VIOLATIONS

50. In response to paragraph "50" of the Complaint the Port Authority repeats, reiterates and re-alleges each and every response contained in paragraphs "1" through "49" of its Answer with the same force and effect as if more fully set forth herein.

51. Denies the allegations contained in paragraph "51" of the Complaint.

52. Denies the allegations contained in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

55. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

56. The Port Authority acted at all relevant times reasonably and in good faith and in a manner consistent with the Constitutions of the United States, the State of New York and all applicable laws.

### THIRD AFFIRMATIVE DEFENSE

57. There was probable cause for Plaintiff's arrest.

### FOURTH AFFIRMATIVE DEFENSE

58. The Port Authority cannot be held liable on a theory of *respondeat superior* for claims brought under 42 U.S.C. § 1983.

**FIFTH AFFIRMATIVE DEFENSE**

59. The Port Authority is not liable for any alleged violations of the Plaintiff's federal and state constitutional rights, for the alleged actions of its employees were not the custom, practice, policy or procedure of the Port Authority and as such the Port Authority is entitled to dismissal of the Plaintiff's Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York et al.,* 436 U.S. 658 (1978).

**SIXTH AFFIRMATIVE DEFENSE**

60. Plaintiff's arrest and/or detention and/or prosecution, was justified under the Penal Law and Criminal Procedure Law of the State of New York and the Fourth and Fourteenth Amendments to the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

61. Any action taken by Port Authority police officers was justified in the circumstances, necessary and reasonable under the laws of the State of New York and the United States.

**EIGHTH AFFIRMATIVE DEFENSE**

62. The use of force, if any, was justified in the circumstances, necessary and reasonable under the laws of the State of New York and the United States.

**NINTH AFFIRMATIVE DEFENSE**

63. The Port Authority police officers acted in good faith and with probable cause and justification and therefore no claim lies against them in the conduct of their duties.

**TENTH AFFIRMATIVE DEFENSE**

64. Port Authority police officers enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

**ELEVENTH AFFIRMATIVE DEFENSE**

65. The alleged incidents and damages, if any, sustained by Plaintiff were caused, in whole or in part, by the culpable conduct of Plaintiff.

**WHEREFORE**, the Port Authority demands judgment dismissing the Complaint herein, together with attorneys' fees, costs and disbursements incurred by it, and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 24, 2009

        Respectfully yours,

        MILTON H. PACHTER, ESQ.
        *Attorney for Defendant*
        The Port Authority of New York and New Jersey

        By: __/s/ *Karla Denalli*_____
            Karla Denalli, Esq. (KD-8357)
            225 Park Avenue South, 13th Floor
            New York, New York 10003
            (212) 435-3436

TO: David B. Rankin, Esq. (DR-0863)
     Rankin & Taylor Attorneys at Law
     *Attorneys for Plaintiffs*
     350 Broadway, Suite 700
     New York, New York 10013
     (212) 226-4507